### WERTHEIMER v. BAUM.

(Supreme Court, Appellate Term. June 5, 1908.)

1. GIFTS—INTER VIVOS—IRREVOCABILITY.
    A gift inter vivos requires no consideration, and when made perfect by delivery is irrevocable.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gifts, § 20.]

2. SAME—REVOCATION—BURDEN OF PROOF.
    One seeking to recover a ring, which he delivered to another as a gift, has the burden of showing bad faith on the part of the latter, and that the delivery of the ring to him was subject to express conditions not performed.

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by Rachel Wertheimer against Jerome C. Baum. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Sigmund Horkimer, for appellant.

A. M. Simon, for respondent.

DAYTON, J.　The action was brought to recover the possession of a diamond ring.　The judgment, as amended on plaintiff's motion, awarded the plaintiff possession of the chattel, or, in the alternative, the sum of $175 and costs.　The ring in question was given to defendant by plaintiff at or near the time of his engagement to her daughter. It was undisputed on the trial that defendant had given a valuable engagement ring to the daughter.　For reasons which are not apparent upon the record the engagement was broken, and plaintiff, upon the theory that her gift was conditional upon the continuance of the relation, brought this action.　Defendant contended that there was simply an exchange of gifts between the prospective bride and groom.

It is well settled that a gift of property requires no consideration and is made perfect by delivery, and that a gift inter vivos is irrevocable.　Defendant, therefore, had title to the ring; no fraud or duress being claimed.　Where goods are sold and delivery is apparently absolute, the onus of proving a conditional sale rests with the vendor.　No authority has been cited holding that an unexplained failure of a condition restores title to the donor of a delivered gift.　Mr. Justice Tompkins in Liebert v. Hoffman (Sup.) 105 N. Y. Supp. 337 says:

"While the law is that a gift inter vivos must be established by satisfactory proof, yet where the gift is attacked the burden of explaining the transaction is only upon the donee when some confidential or fiduciary relation existed, or where one party is mentally weak," etc.

In any aspect the plaintiff was bound to show bad faith on defendant's part, as well as delivery subject to express conditions not performed.　This she did not do by preponderance of proof.　On the whole case we conclude that plaintiff failed to establish a cause of action.　Defendant's motion to dismiss the complaint should have been granted.

Since the judgment must be reversed, we do not deem it necessary to pass upon the objections raised by counsel for the appellant as to the manner and time of its amendment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.　All concur.